Marianne Dugan (OSB # 93256)
Internet e-mail address mdugan@mdugan.com
259 E. 5th Ave., Ste 200-D
Eugene, OR 97401
(541) 338-7072
Fax no. 866-650-5213
          Of Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | | |
|---|---|---|
| RANDY SPALDING, | ) | CASE NO. |
| | ) | |
| Plaintiff, | ) | COMPLAINT (Fair Labor Standards |
| | ) | Act; Oregon Wage and Hour Laws, |
| v. | ) | Oregon Prevailing Wage Laws; |
| | ) | Breach of Contract; Quantum |
| BABB CONSTRUCTION dba DELTA | ) | Meruit; Money Had and Received |
| SAND & GRAVEL, | ) | |
| | ) | |
| Defendant. | ) | DEMAND FOR JURY TRIAL |
| _____ | ) | |

## INTRODUCTION

1.     This action is brought by Randy Spalding, a former employee of Babb

Construction dba Delta Sand & Gravel, to collect unpaid wages and statutory damages.

2.     Defendant violated the Fair Labor Standards Act (29 U.S.C. 201 *et seq.*, "FLSA").

Plaintiff seeks redress in the form of unpaid wages and statutory damages.

3.     Defendant violated their contracts with the Eugene Water and Electric Board

(EWEB) and with the University of Oregon, to which plaintiff was a third party beneficiary.

Plaintiff seeks redress in the form of unpaid wages.

PAGE 1 - COMPLAINT (Fair Labor Standards Act; Oregon Prevailing Wage Law)

4.     Defendant did not pay plaintiff the wages to which he was entitled pursuant to Oregon prevailing wage law and Oregon wage and hour law.  Plaintiff seeks redress in the form of unpaid wages and statutory damages.

## JURISDICTION

5.     Jurisdiction is conferred on this Court by 29 U.S.C. 216(b), as this action arises under the Fair Labor Standards Act, 29 U.S.C. 201, *et seq.*; and 28 U.S.C. 1337, as it arises under acts of Congress regulating commerce.

6.     Pursuant to 28 U.S.C. 1367, this Court has supplemental jurisdiction of the claims based on Oregon law, as they are so related to claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

## PARTIES

7.     Plaintiff Randy Spalding is a resident of Lane County, Oregon.

8.     Defendant Babb Construction dba Delta Sand & Gravel ("Delta") is a corporation incorporated in Oregon state.

## FIRST CLAIM FOR RELIEF
### (Violation of FLSA – Overtime Pay and Penalty)

9.     Plaintiff realleges the foregoing paragraphs and incorporates those paragraphs as if set forth in full.

10.     At all material times defendant conducted a construction business, including employing plaintiff, in the state of Oregon, and employed plaintiff to perform construction work in Oregon.

11.     Defendant employed plaintiff during the period May 5, 2010, through September

PAGE 2 - COMPLAINT (Fair Labor Standards Act; Oregon Prevailing Wage Law)

10, 2010.

12.    Plaintiff regularly worked in excess of 40 hours per week, but defendant's supervisors chose not to allow those overtime hours to be entered on plaintiff's time cards.

13.    Defendant regularly failed to compensate plaintiff for every hour of work he performed and reported, either changing entries on the timesheets or filling in the timesheets incorrectly.

14.    In violation of 29 U.S.C. 207, defendants failed to pay plaintiff at a rate of time and one half for his overtime hours.

15.    Pursuant to 29 U.S.C. 216, plaintiff is entitled to his unpaid overtime wages, in an amount to be determined at trial, plus an additional, equal amount as liquidated damages, and to reasonable attorney fees and costs.

16.    Under the federal Fair Labor Standards Act, 29 U.S.C. 216(b), plaintiff is entitled to his reasonable attorney fees.

**SECOND CLAIM FOR RELIEF**
**(Violation of Oregon Prevailing Wage Law)**

17.    Plaintiff realleges the foregoing paragraphs and incorporates those paragraphs as if set forth in full.

18.    During his employment with defendants, plaintiff generally worked on projects subject to the Oregon prevailing wage statutes.

19.    Delta did not post the prevailing wage rates at the job site.

20.    Delta did not have a written wage agreement with plaintiff.

21.    Plaintiff's promised hourly rate of pay was variable, based upon which equipment he was operating and/or prevailing wage classification, ranging from $24.54 and $33.71 per

PAGE 3 - COMPLAINT (Fair Labor Standards Act; Oregon Prevailing Wage Law)

hour, plus additional payments for benefits which were a percentage of the hourly rate, for all of his hours worked, pursuant to the Oregon prevailing wage laws.

22.     Plaintiff was regularly paid at wage rates below the relevant prevailing wage rate.

23.     During the period May 14 to September 3, 2010, plaintiff worked on the EWEB Roosevelt Operations Center project ("EWEB project"), a public work project subject to the prevailing wage requirements of the Oregon prevailing wage laws.

24.     Plaintiff is the intended beneficiary of the contract between EWEB and defendant governing employee wage rates.

25.     On the EWEB project, defendant altered or mis-entered entries on plaintiff's timesheets, reducing the number of hours he was listed as working on the higher-wage equipment and tasks.

26.     For example, an erasure on the 5/14/10 timesheet appears to have changed an entry from two hours to one hour; similar changes appear to have been made for June 7, 9, 10, 17, 24; July 15, 22, 28, 29, 30; August 3, 4, 11, 12, 20, 27, 30.

27.     During the period August 31 to September 10, 2010, plaintiff worked on the University of Oregon Walnut Street project ("U of O project"), a public work project subject to the prevailing wage requirements of the Oregon prevailing wage laws.

28.     Plaintiff is the intended beneficiary of the contract between U of O and defendant governing employee wage rates.

29.     On the U of O project, defendant altered or mis-entered entries on plaintiff's timesheets, reducing the number of hours he was listed as working on the higher-wage equipment and tasks.

PAGE 4 - COMPLAINT (Fair Labor Standards Act; Oregon Prevailing Wage Law)

30.    For example, the final August 31, 2010, timesheet is not in plaintiff's writing; something was erased other things written in.

31.    Defendant changed plaintiff's time sheets, without plaintiff's knowledge, agreement, or approval, causing him to be paid under the prevailing wage on a prevailing wage job.

32.    Defendant's employees who made the changes to plaintiff's timesheets did not have first-hand knowledge of the work he had done.

33.    In violation of O.R.S. 279C.840, defendant failed to pay the prevailing wage to plaintiff for work performed in Oregon on public work projects.

34.    Plaintiff is entitled, under O.R.S. 279C.855, to his unpaid prevailing wages, in an amount to be determined at trial, and to an additional, equal amount as liquidated damages.

35.    Prior to this lawsuit being filed (but long after the payments were due), defendant paid plaintiff $3428.66, minus taxes (net $2126.78), labeled "PWR" (presumably "Prevailing Wage"), which amount shall be credited to defendant on this claim.

36.    The exact amount owing is ascertained or easily ascertainable by generally recognized standards, and the time from which interest runs can be ascertained, so that plaintiff is entitled to prejudgment interest on the exact amounts owing.

37.    Plaintiff is entitled to recover his reasonable attorney fees and costs pursuant to O.R.S. 279C.870.

### THIRD CLAIM FOR RELIEF
### (Breach of Contract)

38.    Plaintiff realleges the foregoing paragraphs and incorporates those paragraphs as if set forth in full.

PAGE 5 - COMPLAINT (Fair Labor Standards Act; Oregon Prevailing Wage Law)

39.     Defendant entered into a contract with plaintiff to pay him hourly rates for his services ranging from $24.54 and $33.71 depending upon the equipment he operated and/or the prevailing wage.

40.     Plaintiff has done and performed all conditions, obligations and covenants on his part to be kept and performed pursuant to the contract.

41.     In addition, plaintiff was the intended third-party beneficiary of defendant's contracts with EWEB and U of O.

42.     Defendant failed to pay plaintiff all the wages it promised to pay, breaching its contract with plaintiff and its contracts with EWEB and U of O.

43.     As a result of defendant's breach, plaintiff has been damaged in an amount to be determined at trial.

44.     The exact amount owing is ascertained or easily ascertainable by generally recognized standards, and the time from which interest runs can be ascertained, so that plaintiff is entitled to prejudgment interest on the exact amounts owing.

**FOURTH CLAIM FOR RELIEF**
**(Violation of Oregon Wage and Hour Laws – Overtime Pay and Penalties)**

45.     Plaintiff realleges the foregoing paragraphs and incorporates those paragraphs as if set forth in full.

46.     In violation of O.R.S. 653.261, defendant failed to pay plaintiff at a rate of time and one half for his overtime hours.

47.     Plaintiff is entitled to his unpaid overtime wages, in an amount to be determined at trial.

48.     Plaintiff is entitled, under O.R.S. 653.055 and 652.150, to recover penalty

damages in an amount equal to 240 times his average hourly wage rate (30 days times eight hours).

49.     The exact amount owing is ascertained or easily ascertainable by generally recognized standards, and the time from which interest runs can be ascertained, so that plaintiff is entitled to prejudgment interest on the exact amounts owing.

50.     Pursuant to O.R.S. 652.200 plaintiff is entitled to his reasonable attorney fees.

**FIFTH CLAIM FOR RELIEF**
**(Violation of Oregon Wage and Hour Laws – Failure to Pay Wages When Due)**

51.     Plaintiff realleges the foregoing paragraphs and incorporates those paragraphs as if set forth in full.

52.     Defendant failed to pay plaintiff all of his wages when due upon termination of his employment in violation of O.R.S. 652.140.

53.     The failure of defendant to pay plaintiff all of his wages upon termination of employment was willful.

54.     Plaintiff is entitled, under O.R.S. 652.150, to recover penalty damages in an amount equal to 240 times his average hourly wage rate (30 days times eight hours).

55.     The wages referred to in the above paragraphs were not paid within 48 hours, excluding Saturdays, Sundays, and holidays, after the wages became due and payable.

56.     The exact amount owing is ascertained or easily ascertainable by generally recognized standards, and the time from which interest runs can be ascertained, so that plaintiff is entitled to prejudgment interest on the exact amounts owing.

57.     Pursuant to O.R.S. 652.200 plaintiff is entitled to his reasonable attorney fees.

**SIXTH CLAIM FOR RELIEF**

**(Quantum Meruit)**

58.     Plaintiff realleges the preceding paragraphs and incorporates those paragraphs as if set forth in full.

59.     During the contract period at the special instance and request of defendant, plaintiff provided the services described herein to defendant, which unjustly enriched defendant and which in equity should be paid to plaintiff.

60.     Defendant has failed to pay such sums to plaintiff, all to plaintiff's damage in an amount to be proven at trial.

61.     The exact amount owing is ascertained or easily ascertainable by generally recognized standards, and the time from which interest runs can be ascertained, so that plaintiff is entitled to prejudgment interest on the exact amounts owing.

**SEVENTH CLAIM FOR RELIEF**
**(Money Had and Received)**

62.     Plaintiff realleges the foregoing paragraphs and incorporates those paragraphs as if set forth in full.

63.     In a money transaction, defendants have received money (in an amount to be determined at trial) from EWEB and from U of O, which in equity and in good conscience belongs to and should be paid to the plaintiff.

64.     The exact amount owing is ascertained or easily ascertainable by generally recognized standards, and the time from which interest runs can be ascertained, so that plaintiff is entitled to prejudgment interest on the exact amounts owing.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully requests that the Court grant him the following

relief:

1.      On the First Claim, award plaintiff his unpaid overtime wages pursuant to 29 U.S.C. 207, in an amount to be determined at trial, and liquidated damages pursuant to 29 U.S.C. 216(b);

2.      On the Second Claim, award plaintiff his unpaid prevailing wages, in an amount to be determined at trial, pursuant to O.R.S. 279C.855, minus defendant's recent payment of $3428.66;

3.      On the Third Claim, award plaintiff his unpaid wages pursuant to his contract with defendant and pursuant to defendant's contracts with EWEB and U of O, in an amount to be determined at trial;

4.      On the Fourth Claim, award plaintiff his unpaid overtime wages pursuant to Oregon overtime law, O.R.S. 653.261, in an amount to be determined at trial, and civil penalties in the amount of 240 times plaintiff's average hourly wage pursuant to O.R.S. 653.055 and 652.150;

5.      On the Fifth Claim, award plaintiff his unpaid wages pursuant to O.R.S. 652.140, in an amount to be determined at trial, and civil penalties in the amount of 240 times plaintiff's average hourly wage pursuant to O.R.S. 652.150;

6.      On the Sixth Claim, award plaintiff his damages in an amount to be determined at trial;

7.      On the Seventh Claim, award plaintiff his damages in an amount to be determined at trial;

8.      Award plaintiff reasonable attorney fees and costs;

PAGE 9 - COMPLAINT (Fair Labor Standards Act; Oregon Prevailing Wage Law)

9.      Award plaintiff pre-judgment and post-judgment interest;

10.     Award plaintiff such other relief as this Court deems just and proper.

DATED April 30, 2012.


_____
Marianne Dugan, OSB # 93256
Of attorneys for plaintiff


PAGE 10 - COMPLAINT (Fair Labor Standards Act; Oregon Prevailing Wage Law)